United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10108
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SU VAN NGUYEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-58-2
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Su Van Nguyen appeals his 63-month concurrent sentences for conspiracy to distribute 3, 4-Methylenedioxy-methamphetamine (MDMA), and possession with intent to distribute MDMA. In his sole claim of error on appeal, Nguyen argues that, because the Government failed to prove that he possessed the firearm or that the firearm was related to drug trafficking, the district court's decision overruling his objection to the enhancement of his sentence based on his possession of a firearm in connection with a drug trafficking offense pursuant to U.S.S.G. § 2D1.1(b)(1) was

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on the clearly erroneous presumption that he was strictly liable for the possession of the firearm by his codefendant.

The district court determined that the firearm was connected with the offense because it was jointly possessed by Nguyen and his codefendant in a vehicle containing MDMA. Although the testimony at trial was conflicting, by its ruling, the district court implicitly found Nguyen's and his co-defendant's testimony incredible. Such credibility determinations are within the province of the district court and will not be disturbed by this court. United States v. Sotelo, 97 F.3d 782, 799 (5th Cir. 1996).

The remaining evidence presented at trial indicated that Nguyen's codefendant knowingly possessed the firearm for the purpose of protecting the drugs and the drug proceeds, and that Nguyen was aware that he was participating in criminal activity involving transporting drugs. The evidence thus shows that Nguyen was engaged in jointly undertaken criminal activity, see U.S.S.G. § 1B1.3(a)(1)(B), and the district court reasonably inferred that Nguyen should have foreseen his codefendant's possession of the firearm. See United States v. Aguilera-Zapata, 901 F.2d 1209, 1215 (5th Cir. 1990). The district court did not clearly err by applying the § 2D1.1(b)(1) enhancement. See United States v. Parker, 133 F.3d 322, 330 (5th Cir. 1998). Nguyen's sentence is affirmed.

AFFIRMED.